UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Case No. 1:16-CV-00347

| | |
|---|---|
| IN RE: | ) |
| | ) |
| DAVID A. WIJEWICKRAMA, DEBTOR | ) |
| | ) |
| | ) |
| DAVID A. WIJEWICKRAMA, DEBTOR, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | ) |
| | ) |
| EDGEFIELD HOLDINGS, LLC, | ) |
| | ) |
| Appellee. | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA

Case No. 16-10215

**BRIEF OF APPELLEE**

By: /s/ Kiah T. Ford IV
Kiah T. Ford IV
N. C. State Bar No. 20979

PARKER POE ADAMS &
BERNSTEIN LLP
401 South Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Tel: (704) 372-9000
Email: chipford@parkerpoe.com

ATTORNEY FOR APPELLEE

**CORPORATE DISCLOSURE STATEMENT**

Appellee Edgefield Holdings, LLC is indirectly owned by Lennar Corporation, a publicly held corporation.

# TABLE OF CONTENTS

|  | Page |
|---|---|
| CORPORATE DISCLOSURE STATEMENT | i |
| TABLE OF CONTENTS | ii |
| TABLE OF AUTHORITIES | iii |
| I. JURISDICTIONAL STATEMENT | 1 |
| II. STANDARD OF APPELLATE REVIEW | 5 |
| III. SUMMARY OF THE ARGUMENT | 5 |
| IV. ARGUMENT | 6 |
| V. CONCLUSION | 11 |
| CERTIFICATE OF SERVICE | 12 |

# TABLE OF AUTHORITIES

**Cases**

*In re Bayless*,
   No. 1:11CV91, 2012 WL 113654 (W.D.N.C. Jan. 13, 2012) .................... 1, 2, 3, 4

*Burger King Corp. v. B-K of Kansas, Inc.*,
   73 B.R. 671 (D. Kan. 1987) ................................................................ 6, 7, 10

*Heavrin v. Schilling*,
   No. 3:13CV-6-S, 2013 WL 3166175 (W.D. Ky. June 20, 2013) ......................... 2

*In re Brady*,
   101 F.3d 1165 (6th Cir. 1996) .................................................................. 7, 9

*In re Demos*,
   57 F.3d 1037 (11th Cir. 1995) .................................................................. 7, 9

*In re Fernandez Rosado*,
   No. 07-05871 (ESL), 2009 WL 2900298 (Bankr. D.P.R. Apr. 3, 2009) ........... 7, 8

*In re Ichinose*,
   946 F.2d 1169 (5th Cir. 1991) ................................................................. 9, 10

*In re James*,
   187 B.R. 395 (Bankr. N. D. Ga. 1995) ............................................................ 4

*In re Kneis*,
   No. 08-18014 (DHS), 2009 WL 1750101 (Bankr. D.N.J. June 15, 2009) ........ 8, 9

*In re Loefgren*,
   305 B.R. 288 (W.D. Wis. 2003), *aff'd*, 85 Fed.Appx. 522 (7th Cir. 2003) ............ 5

*In re Maher*,
   51 B.R. 848 (Bankr. N.D. Iowa 1985) ............................................................. 6

*In re Sheppard*,
   532 B.R. 672 (B.A.P. 6th Cir. 2015) ................................................................ 5

*In re Swyter*,
   263 B.R. 742 (E.D. Va. 2001) ........................................................................ 4

*In re Watkins*,
    365 B.R. 574 (Bankr. W.D. Pa. 2007).......................................................... passim

*KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., Inc.*,
    250 B.R. 74 (E.D. Va. 2000) ........................................................................................4

*Lure Launchers, LLC v. Spino*,
    306 B.R. 718 (B.A.P. 1st Cir. 2004) ...................................................................1

*Midland Asphalt Corp. v. United States*,
    489 U.S. 794, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989) .......................................1

**Statutes**

11 U.S.C. § 1121(d) ................................................................................................3

11 U.S.C. § 523 .......................................................................................................1

11 U.S.C. § 523 and 727 .........................................................................................2

28 U.S.C. § 1292(b) ................................................................................................4

28 U.S.C. § 158(a)(1) ..........................................................................................1, 3

28 U.S.C. § 158(a)(2) ..............................................................................................3

28 U.S.C. § 158(a)(3) ..............................................................................................3

**Rules**

Fed. R. Bank. P. 8004 .............................................................................................3

Fed. R. Bankr. P. 4004 and 4007 .................................................................... passim

Fed. R. Bankr. P. 4004(a) and 4007(c) ...................................................................6

Fed. R. Bankr. P. 4004(b), 4007(c) ................................................................ 6, 7, 9

Fed. R. Bankr. P. 8004(d) .......................................................................................3

Fed. R. Bankr. P. 9006 ............................................................................................5

# I. JURISDICTIONAL STATEMENT

District courts have jurisdiction to hear appeals from final orders of the bankruptcy court. 28 U.S.C. § 158(a)(1). An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989). An interlocutory order, on the other hand, "is one that does not finally determine a cause of action but only decides some intervening matter pertaining to the cause and that requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." *In re Bayless,* No. 1:11CV91, 2012 WL 113654 at *2 (W.D.N.C. Jan. 13, 2012) (Reidinger, J.) (citing *Collier on Bankruptcy*, ¶ 5.08[5] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)).

Appellant gives superficial treatment to this important jurisdictional issue with a single conclusory statement that "[a]n order extending the deadline to file an objection to the discharge or to file a complaint to determine the dischargeability of a debt is a final order because it conclusively determines whether any complaint of the Appellee is timely." (Doc No. 4 at 4). The only authority cited by Appellant in support of this assertion is a decision from the Bankruptcy Appellate Panel for the First Circuit involving an appeal from an order <u>denying</u> a request for an extension of time to object to the dischargeability of a debt under 11 U.S.C. § 523. *Lure Launchers, LLC v. Spino*, 306 B.R. 718 (B.A.P. 1st Cir. 2004). Such an order is

arguably final because it deprives the movant of any opportunity to challenge the dischargeability of the debt, whereas an order <u>granting</u> an extension of time does nothing more than allow a dischargeability dispute to move forward on the merits. Such an order is plainly not final for purposes of conferring appellate jurisdiction on this Court. *See Heavrin v. Schilling*, No. 3:13CV-6-S, 2013 WL 3166175 at *1 (W.D. Ky. June 20, 2013) ("Clearly, an order extending the deadline for determining the dischargeability of debts only decides an intervening matter pertaining to the cause, and thus is not a final order.").

This Court addressed a similar situation in the 2012 case of *In re Bayless*. In that case the debtor (Bayless) was granted a discharge, and a creditor (Clampitt) subsequently filed an adversary proceeding to revoke the discharge and for a determination that Clampitt's claim was nondischargeable under 11 U.S.C. §§ 523 and 727. 2012 WL 113654 at *1. The debtor moved to dismiss Clampitt's action as untimely, and the Bankruptcy Court (Hodges, J.) initially granted the debtor's motion and dismissed the action. Clampitt then filed a motion to reopen the adversary proceeding and/or for reconsideration of the order dismissing the case. Judge Hodges granted Clampitt's motion on the grounds that the failure to file a timely nondischargeability action was the result of excusable neglect, and set aside his previous order dismissing the action. *Id.* From that order the debtor appealed.

This Court dismissed the debtor's appeal as interlocutory. *Id.* at *4. In so ruling, the Court noted that the order in question merely reopened the adversary proceeding to allow the discharge and dischargeability issues to be litigated on their merits. "In the adversary proceeding, Bayless, as the defendant, will have the availability of every cognizable defense and thus, the issue of dischargeability of the debt has not been adjudicated and is not final." *Id.* at *2.

Just as in *Bayless*, Appellant in this case will have the availability of every cognizable defense and thus the issue of the dischargeability of the debt has not been adjudicated and is not final. Therefore, this Court lacks jurisdiction to hear the appeal under 28 U.S.C. § 158(a)(1).

If the extension order is determined to be interlocutory, then Appellant's only avenue to appeal it is 28 U.S.C. § 158(a)(3), which requires the filing of a notice of appeal <u>and</u> a motion to leave to appeal in accordance with Fed. R. Bank. P. 8004.[1] Appellant did not file a motion for leave to appeal. Therefore, under Fed. R. Bankr. P. 8004(d), this Court may order Appellant to file a motion for leave, or treat the notice of appeal as a motion for leave and either grant or deny it.

If the Court elects to treat the notice of appeal as motion for leave, as it did in *Bayless*, then it must employ the same analysis used to assess interlocutory appeals under 28 U.S.C. § 1292(b). *Id.* at *3 (citing *In re Swyter*, 263 B.R. 742,

---

[1] The only other basis for an interlocutory appeal is 28 U.S.C. § 158(a)(2), which deals with appeals from interlocutory orders issued under 11 U.S.C. § 1121(d) and does not apply in this case.

748 (E.D. Va. 2001)). To allow an appeal would require a determination that the extension order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Appellant must also demonstrate that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." 2012 WL 113654 at *3 (citing *KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D. Va. 2000)).

In this case, just as in *Bayless*, the foregoing factors weigh against allowing an interlocutory appeal. Judge Hodges' decision to extend the deadline to object to the debtor's discharge and the dischargeability of Appellee's debt involved an exercise of his discretionary authority under Fed. R. Bankr. P. 4004 and 4007 based on the facts before him, not a question of law as to which there is a substantial ground for difference of opinion. *See In re James*, 187 B.R. 395, 397 (Bankr. N. D. Ga. 1995) (determination of whether a creditor satisfies the "for cause" standard under Fed. R. Bankr. P. 4004 and 4007 is within the discretion of the bankruptcy court). There are also no exceptional circumstances justifying a departure from the basic policy of postponing appellate review until after entry of final judgment. If the debtor is dissatisfied with the bankruptcy court's ultimate ruling on the discharge/dischargeability issues and he elects to appeal that ruling,

4

the debtor will have an opportunity to seek appellate review of the extension order at that time.

For the foregoing reasons, this Court should enter an order dismissing the appeal.

## II.  STANDARD OF APPELLATE REVIEW

An order granting or denying a motion for extension of time under Fed. R. Bankr. P. 4004 or 4007 is reviewed under an abuse of discretion standard.  *In re Sheppard*, 532 B.R. 672, 674 (B.A.P. 6th Cir. 2015); *In re Loefgren*, 305 B.R. 288, 290 (W.D. Wis. 2003), *aff'd*, 85 Fed.Appx. 522 (7th Cir. 2003).

## III.  SUMMARY OF THE ARGUMENT

Appellant devotes a considerable amount of ink to an exposition of Rules 4004, 4007, and 9006 of the Federal Rules of Bankruptcy Procedure, which are clear on their face and require little extratextual analysis.  While those rules do require a timely filed motion to extend the deadlines to object to discharge and dischargeability, when such a motion is filed they do not limit the Bankruptcy Court's discretion to grant an extension in favor of the movant or any other party upon a showing of cause.  In this case Judge Hodges did not abuse his discretion in granting an extension to Appellee based on First Citizens' timely filed motions and First Citizens' and Appellee's arguments in support of those motions.

5

## IV. ARGUMENT

In Chapter 7 cases, Federal Rules of Bankruptcy Procedure 4004(a) and 4007(c) establish a sixty-day time limit for a creditor to file a complaint disputing the discharge of the debtor under section 727(a) of the Bankruptcy Code and/or the dischargeability of particular debts under section 523(c) of the Code. The time limit begins running from "the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4004(a), 4007(c). The rules further provide that "[o]n motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." Fed. R. Bankr. P. 4007(c), 4004(b).

Rules 4004 and 4007 do not permit bankruptcy courts to grant any extension of time based upon a late-filed motion. *In re Maher*, 51 B.R. 848, 852 (Bankr. N.D. Iowa 1985). Upon a timely motion, however, nothing restricts the authority or deprives bankruptcy courts of discretion to grant an extension to any or all creditors based upon one creditor's timely filed motion. Neither rule "expressly restricts the extension of time to the specific creditor making the motion for extension." *Burger King Corp. v. B-K of Kansas, Inc.*, 73 B.R. 671, 673 (D. Kan. 1987). In fact, there is case law affirmatively holding that bankruptcy courts have discretion to extend the deadlines under Rules 4004 and 4007 for all creditors based upon a timely motion by a single creditor. *In re Watkins*, 365 B.R. 574

6

(Bankr. W.D. Pa. 2007). However, Appellee has located no authority stating that bankruptcy courts lack such discretion under these circumstances, and Appellant cites no such authority.[2]

Referring to *Watkins*, Appellant contends that "[o]nly one court, in very particularized circumstances, has held that it had the discretion to extend the time [for other creditors]" and that "most other courts have not followed the *Watkins* ruling." (Doc. No. 4 at 18 n.7).[3] Appellant cites *In re Fernandez Rosado*, No. 07-05871 (ESL), 2009 WL 2900298, at *2 (Bankr. D.P.R. Apr. 3, 2009), to support this argument. In *Fernandez Rosado*, the bankruptcy court opined that the circumstances surrounding the granting of the extension in *Watkins* were particular to *Watkins* and were very different from those in *Fernandez Rosado*. That court, however, did not find error with *Watkins* or hold that the bankruptcy court lacks discretion to extend the deadline for any or all creditors based on a motion by a

---

[2] The court in *Burger King Corp. v. B-K of Kansas, Inc.* stated:

> Absent (1) an express finding that all creditors of the particular debtor need an extension, and (2) that this universal extension is based on some "cause" by which all creditors in general have a need for an extension of time, the language of Rule 4007(c) does not appear to permit the bankruptcy court to grant any extension to nonmoving parties.

73 B.R. at 671. The bankruptcy court in this case, however, expressly found "good cause to extend the deadline as to all creditors and the Trustee to object to the Debtor's discharge and/or determine dischargeability of debts." (RN 24, DN 32 at 2). Therefore, the *Burger King* court's interpretation of the language of Rule 4007(c) does not limit the bankruptcy court's authority to grant an extension to all creditors in this case.

[3] Even if *Watkins* was the only court that had ever granted an extension to other creditors, which it is not, *see, e.g.*, *In re Brady*, 101 F.3d 1165 (6th Cir. 1996); *In re Demos*, 57 F.3d 1037 (11th Cir. 1995), Appellant does not point to any decisions holding that the court lacks such discretion in the presence of a timely motion.

7

single creditor. The court in *Fernandez Rosado* merely found that the circumstances in *Watkins* were inapplicable to *Fernandez Rosado*. *Id.* Appellant fails to recognize that the "very particularized circumstances" under which *Watkins* was decided are extremely similar to the circumstances in the instant case, and therefore, *Watkins* is most applicable here.

Appellant also relies upon a misleadingly incomplete excerpt from the Advisory Committee Notes to Rule 4004 to argue that "[a] court's authority to extend the Objection Deadlines is generally limited by the motion requesting such extension." (Doc No. 4 at 17). The complete sentence of the Advisory Committee Note reads: "An extension granted on a motion pursuant to subdivision (b) of the rule would ordinarily benefit only the movant, but its scope and effect would depend on the terms of the extension." (emphasis added). While this Committee Note addresses what ordinarily occurs when a bankruptcy court grants an extension upon a single movant's motion without further comment, it does nothing to limit the court's authority or discretion. Indeed, "[c]ourts have typically held that an order providing an extension of time to file nondischargeability complaints may extend to creditors other than the moving party when surrounding circumstances indicate that the order provides a general extension." *In re Kneis*, No. 08-18014 (DHS), 2009 WL 1750101, at *3 (Bankr. D.N.J. June 15, 2009) (citing *In re Watkins*, 365 B.R. at 577).

Rules 4004 and 4007 contain three requirements for a court to grant an extension: (1) a timely motion of any party in interest; (2) a hearing on notice; and (3) a finding of cause. Fed. R. Bankr. P. 4004(b), 4007(c); *see also In re Kneis*, 2009 WL 1750101 at *3. "In cases where courts have found that an order provides a general extension to all creditors, the surrounding circumstances provided notice to the court and the debtor that a general extension was requested, demonstrated that cause existed for a general extension, and the subsequent order indicated that a general extension was granted." *In re Kneis*, 2009 WL 1750101 at *3 (citing *In re Brady*, 101 F.3d 1165 (6th Cir. 1996); *In re Demos*, 57 F.3d 1037 (11th Cir. 1995); *In re Watkins*, 365 B.R. 574 (Bankr. W.D. Pa. 2007)). Conversely, in cases holding that an order does not extend to all creditors, the surrounding circumstances did not fulfill these requirements. *See, e.g.*, *In re Ichinose*, 946 F.2d 1169, 1176 (5th Cir. 1991) (finding that "neither the orders [granting extensions] themselves nor the circumstances surrounding their issuance support" a creditor's reliance that the orders extended the deadline for all creditors); *In re Kneis*, 2009 WL 1750101 at *6 (holding the circumstances did not give rise to a general extension because the creditors did not give notice of or show cause for a general extension and the subsequent order did not suggest that an extension was granted to all creditors). In such cases, the creditors attempted, after the fact, to rely on previously-granted extension orders. The creditors did not join the motions for

extension, attend the hearings on the motions, or otherwise participate in the motions for extension in the first place.  Under such circumstances, courts have held that a previously-granted motion, which unambiguously applies only to a single creditor, does not retroactively apply to all creditors.  *See, e.g.*, *In re Ichinose*, 946 F.2d 1169, 1176 (5th Cir. 1991) ("Such a general extension . . . would have to be evident on the face of the order granting it . . . ."); *Burger King Corp. v. B-K of Kansas, Inc.*, 73 B.R. 671, 673 (D. Kan. 1987) (holding the order did not extend time for all creditors because, in part, the "plaintiff did not proffer a motion for extension, nor did it apprise the court of its desire to join in the motion of the two moving creditors").

The circumstances in the instant case, however, clearly fulfill the requirements of Rules 4004 and 4007.  First, a party in interest (First Citizens) filed a timely motion for extension of time.  (RN 16, DN 23; RN 21, DN 29).  Second, the bankruptcy court held a hearing on notice.  As in *Watkins*, Appellee joined the motion and appeared and offered argument at the hearing on the motion. (RN 29, DN 41).  Appellant and the bankruptcy court were thus on notice that Appellee sought an extension based upon First Citizens' motion.  Third, the bankruptcy court found that good cause existed to extend the deadline and entered an unambiguous order "extend[ing] the deadline as to all creditors and the Trustee

to object to the Debtor's discharge and/or determine dischargeability of debts." (RN 24, DN 32).

There is no question that the bankruptcy court intended to and did grant an extension of the deadline to all creditors. Contrary to Appellant's contention, the bankruptcy court granted the extension to all creditors based upon a timely motion, which is clearly within the Court's authority and discretion. The bankruptcy court's granting of such an extension under these circumstances was not an abuse of discretion, and there is no reversible error.

## V. CONCLUSION

For the foregoing reasons, Appellee respectfully requests that this Court (1) dismiss Appellant's appeal as interlocutory or, alternatively, (2) affirm the bankruptcy court's order extending the deadline for Appellee to object to the debtor's discharge and/or the dischargeability of Appellee's debt.

Respectfully submitted this the 12th day of January, 2017.

By: /s/ Kiah T. Ford IV
Kiah T. Ford IV
N. C. State Bar No. 20979

PARKER POE ADAMS &
BERNSTEIN LLP
401 South Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Tel: (704) 372-9000
Email: chipford@parkerpoe.com

CERTIFICATE OF SERVICE

  The undersigned certifies that copy of the foregoing **Brief of Appellee** has this day been served by first class mail in a properly addressed envelope with adequate postage affixed and/or served electronically on the following:

David G. Gray
Natalie E. Gray
WESTALL, GRAY & CONNOLLY, P.A.
81 Central Avenue
Asheville, North Carolina 28801

    This the 12th day of January, 2017.

    By: /s/ Kiah T. Ford IV
      Kiah T. Ford IV
      N. C. State Bar No. 20979

    PARKER POE ADAMS &
    BERNSTEIN LLP
    401 South Tryon Street, Suite 3000
    Charlotte, North Carolina 28202
    Tel: (704) 372-9000
    Email: chipford@parkerpoe.com

**APPENDIX OF UNPUBLISHED OPINIONS**