# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00347-MR

| | |
|---|---|
| *IN RE* DAVID A. WIJEWICKRAMA, ) ) Debtor, ) _____ ) ) DAVID A. WIJEWICKRAMA, Debtor, ) ) Appellant, ) ) vs. ) ) EDGEFIELD HOLDINGS, LLC, ) ) Appellee. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Notice of Appeal of David A. Wijewickrama ( the "Debtor") [Doc. 1].

## I. PROCEDURAL BACKGROUND

On May 23, 2016, the Debtor filed a voluntary Chapter 7 Petition. [B Doc. 1].[1] On June 30, 2016, the first meeting of creditors was held, thus establishing August 29, 2016 as the deadline to object to discharge or to

---

[1] Citations to the record in Bankruptcy Court, Case No. 16–10215, have the prefix letter "B" before the document number referenced in the Docket Sheet. Citations without such prefix are to the record in this Court, Civil Case No. 1:16–cv–00347.

challenge the dischargeability of certain debts (hereinafter "bar date"). [B Docs. 3, 4].

On August 26, 2016, First Citizens Bank & Trust Company ("First Citizens") filed a Motion to Extend Time to Object to Discharge and/or to Determine Dischargeability of Debt (hereinafter "Motion to Extend Time"). [B Doc. 23]. On September 8, 2016, the Debtor filed a response opposing First Citizens' Motion to Extend Time and requesting a hearing on the matter. [B Doc. 25]. On September 12, 2016, Appellee Edgefield Holdings, LLC ("Edgefield"), filed a document entitled "Joinder of Edgefield Holdings, LCC in Motion to Extend time to Object to Dischargeability" (hereinafter "joinder"), to which the Debtor objected the following day. [B Docs. 26, 27].[2]

Due to the hearing on the motion being continued, First Citizens amended its Motion to Extend Time, this time requesting that the bar date be extended to October 13, 2016. [B Doc. 29]. Edgefield then filed a second joinder to First Citizens' amended Motion to Extend Time, to which the Debtor objected. [B Docs. 30, 31].

---

[2] The text of Edgefield's joinder, despite its title, made clear it was also seeking an extension of time to file its own objection to discharge, notwithstanding the deadline for such already having passed. [B Doc. 26 at 1].

First Citizens' Motion to Extend Time requested an extension of the bar date only with regard to its own claim. [B. Doc. 23 at ¶ 3]. In contrast, Edgefield's joinders requested, in pertinent part, as follows:

> Edgefield … hereby joins in the Motion to Extend Time to Object to Dischargeability filed on August 26, 2016 by First Citizens Bank & Trust Company (the "Motion"). Edgefield would also like the opportunity to review the transcript of the 2004 Exam of the Debtor upon the consent of First Citizens Bank & Trust Company as it has concerns about numerous property transfers. Wherefore, Edgefield joins the Motion *and asks for an additional thirty (30) days to object to the discharge of the Debtor*.

[B Doc. 26 at 1] (emphasis added).

> Edgefield, through counsel, joins in First Citizens' request for an Order of this Court extending the last date to oppose discharge and/or to determine *dischargeability of its debt* an additional 15 days for a total of 45 days or until October 13, 2016.

[B Doc. 30 at 1] (emphasis added). The second motion is clearly not as broad as the first.

On October 4, 2016, the motion came on for hearing before Honorable George R. Hodges, United States Bankruptcy Judge. [B Doc. 41 Transcript]. At the hearing, the Trustee expressed that she had no objection to the granting of the motion. [Id. at 8]. The Bankruptcy Court granted the motion, but extended the bar date not only for the Movant, First Citizens, but for all creditors and the Trustee, stating that "it would probably be better if we have

everybody in it in time to decide what to do, so we'll allow the joinder and allow the extension of time to October 13, [2016]." [Id. at 9]. The Bankruptcy Court entered a written order on October 12, 2016 (hereinafter "Order Extending the Bar Date"). Edgefield filed its objections to discharge immediately thereafter. [B Docs. 32, 33]. First Citizens, however, did not file any objections to discharge.

On October 25, 2016, the Debtor filed a Notice of Appeal from the Bankruptcy Court's Order Extending the Bar Date. [B Doc. 35]. Having been fully briefed by the parties, this matter is now ripe for disposition.

**II.    DISCUSSION**

The issue before the Court is whether the Bankruptcy Court had the discretion to extend the bar date for all creditors, when only a single creditor timely moved for such relief. This involves the application of Bankruptcy Rules 4004 and 4007 to the language in the filings of the Movant (First Citizens) and the Appellee (Edgefield).

Bankruptcy Rule 4004 governs the procedure and time limits for filing objections to discharge under 11 U.S.C. § 727. Bankruptcy Rule 4004(a), in pertinent part, states:

> In a chapter 7 case, a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days

4

after the first date set for the meeting of creditors under § 341(a)...

Fed. R. Bankr. P. 4004. Bankruptcy Rule 4004(b)(1), in pertinent part, states:

> On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge ... [T]he motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4004. The Advisory Committee Note to Rule 4004 further provides that "[a]n extension granted on a motion ... would ordinarily benefit only the movant, but its scope and effect would depend on the terms of the extension."

Bankruptcy Rule 4007(c) governs the procedure and time limits for filing objections to dischargeability of a debt under 11 U.S.C. §523(c). Bankruptcy Rule 4007(c), in pertinent part, states:

> [A] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) ... On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4007. Bankruptcy Rule 9006(b)(3) further provides that an enlargement of time made pursuant to Bankruptcy Rules 4004(a) and

4007(c) is permitted "only to the extent and under the conditions stated in those rules." Fed. R. Bankr. P. 9006.

Appellee, however, raises the threshold matter of whether this Court has jurisdiction to entertain this appeal, arguing that it is premature.

### A.     Appellate Jurisdiction

District courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" entered by bankruptcy courts. 28 U.S.C. § 158(a)(1). The Article III jurisdiction of all bankruptcy matters is in the District Court. See 28 U.S.C. § 1334(a). The Bankruptcy Court is an Article I court auxiliary to the District Court. See 28 U.S.C. § 151. As such, the District Court has subject matter jurisdiction to withdraw reference and entertain any motion or even an entire bankruptcy case. 28 U.S.C. 157(d); see also Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932, 1945, 191 L. Ed. 2d 911 (2015) (observing that "bankruptcy courts hear matters solely on a district court's reference ... which the district court may withdraw *sua sponte* or at the request of a party."). Section 158(a) of Title 28 provides that appeal to the District Court is as a matter of right from "final judgments, orders, and decrees," but with leave from "interlocutory orders and decrees." 28 U.S.C. § 158(a). Because of the District Court's broad Article III jurisdiction, however, "[t]he concept of finality in bankruptcy cases has traditionally been

6

applied in a more pragmatic and less technical way than in other situations." In re Computer Learning Centers, Inc., 407 F.3d 656, 660 (4th Cir. 2005) (internal quotations and citations omitted). Despite the flexibility of this pragmatic approach, the order appealed from should nevertheless dispose of a discrete dispute within the larger case. Id. The District Court, nevertheless, "has discretionary appellate jurisdiction over interlocutory orders." Robbins v. Miller Law Grp., P.C., No. 3:16-MC-00001, 2016 WL 675808, at 2 (W.D. Va. Feb. 17, 2016).

In the present matter, the order from which appeal is being taken is an interlocutory order. See Matter of Aucoin, 35 F.3d 167, 169 (5th Cir. 1994) (explaining that an order granting a motion to extend time to object to discharge is an interlocutory order because "the bankruptcy court will still have to determine whether to grant or deny those objections."). The Appellant has not made a formal request for leave to appeal from this interlocutory order. The Court will, however, construe his timely-filed notice of appeal as a motion for leave to appeal. See Fed. R. Bankr. P. 8003(c).

**B.   Motion for Leave to File Interlocutory Appeal**

"In seeking leave to appeal an interlocutory order or decision [of the Bankruptcy Court], the appellant must demonstrate that exceptional circumstances justify a departure from the basic policy of postponing

appellate review until after the entry of a final judgment." KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., 250 B.R. 74, 78 (E.D.Va.2000) (citations and internal quotation marks omitted). In determining whether to grant leave to appeal an interlocutory order of the Bankruptcy Court, the Court employs an analysis similar to that employed by the Court of Appeals in certifying interlocutory review under 28 U.S.C. § 1292(b). Atlantic Textile Group, Inc. v. Neal, 191 B.R. 652, 653 (E.D.Va.1996). Under that analysis, leave to appeal an interlocutory order should be granted only when (1) it involves a controlling question of law, (2) as to which there is substantial ground for a difference of opinion, and (3) and an immediate appeal would materially advance the termination of the litigation. 28 U.S.C. § 1292(b).

With regard to the first factor, "[a]n order involves a controlling question of law when either (1) reversal of the bankruptcy court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation." In re Biltmore Investments, Ltd., 538 B.R. 706, 711 (W.D.N.C. 2015), appeal dismissed (Feb 05, 2016) (citations omitted). Here, the determination of whether the Bankruptcy Court had discretion to grant the Motion to Extend Time as to all creditors when only one creditor moved for such relief, has the potential to materially affect the outcome herein. If the Bankruptcy Court did not have such discretion, the

Debtor will be discharged of the Edgefield debt, and this claim can be wrapped up. As such, this factor weighs somewhat in favor of allowing the appeal.

With regard to the second factor, "[a]n issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling legal issue." Randolph v. ADT Sec. Servs., Inc., No. DKC 09–1790, 2012 WL 273722, at *6 (D. Md. Jan. 30, 2012). On the issue of "whether the bankruptcy court has discretion to extend the [bar date] for all creditors … based on a [timely] motion by a single creditor[,] [t]here is a difference of opinion amongst the courts that have addressed the issue." In re Watkins, 365 B.R. 574, 577 (Bankr. W.D. Pa. 2007) (citing In re Floyd, 37 B.R. 890 (Bankr. N.D. Tx. 1984); In re Gallagher, 70 B.R. 288 (Bankr. S.D. Tx. 1987); In re Burger King Corp. v. B–K of Kansas, Inc., 73 B.R. 671 (D. Kan. 1987); In re Brady, 101 F.3d 1165 (6th Cir.1997); In re Demos, 57 F.3d 1037 (11th Cir.1995)).[3] Therefore, the issue presents a substantial ground for difference of opinion.

---

[3] In short, some courts have held that a nonmoving party cannot "piggyback" on a moving party's extension of time. See, e.g., In re Floyd, 37 BR 890 (Bankr. N.D. Tex. 1984); In re Gallagher, 70 BR 288 (Bankr. S.D. Tex. 1987); In re Burger King Corp. v. B-K of Kansas Inc., 73 B.R. 671 (D. Kan. 1987); Matter of Inchinose, 946 F.2d 1169 (5th Cir. 1991). Other courts, however, have allowed a nonmoving party to join a moving party's extension of time under particular circumstances. See, e.g., In re Watkins, 365 B.R. 574, 577 (Bankr. W.D. Pa. 2007); In re Brady, 101 F.3d 1165 (6th Cir.1997); In re Demos, 57 F.3d 1037 (11th Cir.1995).

The third factor is closely related to the first. It is a measure of whether entertaining the appeal would further the goal of resolving the underlying case expeditiously. A resolution in favor of the Appellant would clearly expedite the conclusion of the case, because no other adversary proceedings have been filed, and this one could then move to a conclusion. A resolution in favor of Appellee would not have such a significant affect on the course of this litigation, but would at least resolve the underlying question of whether the adversary proceeding can go forward.

The second factor weighs heavily in favor of allowing the appeal to proceed, while the first and third factors weigh slightly in favor as well. Since this matter is discretionary, rather than jurisdictional (in the true sense), the Court will in its discretion grant leave for the Debtor to appeal pursuant 28 U.S.C. § 158(a).

**C.  Extension of Time for Objections to Discharge**

The question before this Court on appeal is whether the Bankruptcy Court had discretion to extend the bar date for parties who did not timely move for such extension.

Bankruptcy Rules 4004 and 4007 require the filing of a motion to extend the bar date no later than 60 days after the first date set for the meeting of creditors. Fed. R. Bankr. P. 4004, 4007. Here, First Citizens

moved for an extension of time to object to and/or challenge dischargeability well before the expiration of the 60-day period, as required by Rules 4004 and 4007. First Citizens' motion, however, requested an extension of the bar date only with regard to its claim. Edgefield's joinder was filed after the expiration of the 60-day period and sought only to "join" First Citizens' motion so as to seek an extension of the bar date as to its own claim.

Edgefield's "joinder" in First Citizens' motion is a nullity, as First Citizens sought to extend the bar date only as to *First Citizens' claim.* Edgefield's separate request to extend its deadline was not timely and thus cannot serve to allow for a late objection. Therefore, the Bankruptcy Court's order allowing Edgefield to object beyond its deadline can be upheld only if the Bankruptcy Court had the discretion to extend the deadline for *all creditors* based solely on First Citizens' motion, regardless of Edgefield's joinder.

The Bankruptcy Rules do not expressly limit an extension of time to only the specific creditors who filed the motion. See Burger King Corp. v. B-K of Kansas, Inc., 73 B.R. 671, 673 (D. Kan. 1987). Contrary to Edgefield's assertion, however, the lack of an express limitation does not imply a broad grant of discretion to allow an extension to *all creditors* based on the motion of just one. In fact, the Advisory Committee's Note to the 1983 amendment

to Rule 4004 indicates the contrary. "An extension granted on a motion pursuant to subdivision (b) of the rule would ordinarily benefit only the movant, but its scope and effect would depend on the terms of the extension." Id. In cases where courts have held that an extension of the bar date can extend to nonmoving creditors, the court have found that three elements were met: (1) "the surrounding circumstances provided notice to the court and the debtor that a general extension was requested"; (2) the surrounding circumstances "demonstrated that cause existed for a general extension"; and (3) "the subsequent order indicated that a general extension was granted." In re Kneis, No. 08-18014(DHS), 2009 WL 1750101, at *3 (Bankr. D.N.J. June 15, 2009) (citing In re Watkins, 365 B.R. 574, 577 (Bankr. W.D. Pa. 2007)); In re Brady, 101 F.3d 1165; In re Demos, 57 F.3d 1037 (11th Cir.1995)). Two of these three elements are at issue here.

First, with regard to the issue of cause, both Rule 4004(b)(1) and Rule 4007(c) state that the deadline for filing an objection to discharge or to the dischargeability of a debt may only be granted "for cause." Thus, the question here is whether the "cause" stated in First Citizens' motion supports granting relief to any party in interest beyond First Citizens. In its motion, First Citizens stated that it had scheduled a 2004 examination of the Debtor and needed those answers before it could determine whether to contest the

dischargeability of its debt. First Citizens and Edgefield, as competing creditors, did not share a common interest in this regard. See Burger King, 73 B.R. at 674 (noting that moving creditors "share no 'community of interest' with the nonmoving creditors, and the former's motions for extension are not sought on behalf of the latter"). There is no indication in the record that the information First Citizens sought to discover through the 2004 examination regarding its debt in any way extended to the benefit of any other creditor. Cf. In re Farmer, 786 F.2d 618, 621 (4th Cir. 1986) (noting that trustee's authority to seek extension for motion to bar general discharge per § 727 does not cause trustee to be "party in interest" authorizing it to move for an extension of time for filing § 523 motions regarding the dischargeability of individual debts). Nothing in First Citizens' motion indicated that the 2004 examination concerned anything regarding any debt other than its own. In fact, Edgefield's "joinder" – filed after the 2004 examination was taken – indicates that it did not participate in the deposition and was seeking consent from First Citizens to obtain a transcript.

Likewise, there is nothing in the record to show that the circumstances surrounding First Citizens' motion would put the Debtor on notice that a general extension was being requested. In fact, quite to the contrary, First Citizens stated in its motion that "requests that the deadline for filing *an*

13

*objection* to discharge and/or the dischargeability *of this debt* be extended as to First Citizens….″ [Doc. 7 at 2 ¶ 3] (emphasis added).[4]

Since two of the three elements for extending relief to nonmoving creditors are absent, there was no basis in the record on which the Bankruptcy Court could extend the deadline for any party other than First Citizens.

# O R D E R

**IT IS, THEREFORE, ORDERED** that the Bankruptcy Court's October 12, 2016 Order Extending the Bar Date [B Doc. 35] is hereby **VACATED**, and this matter is remanded for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Signed: March 15, 2018

Martin Reidinger
United States District Judge

---

[4] In arguing that the Bankruptcy Court had discretion to extend the deadline for nonmoving creditors, Edgefield cites In re Watkins, 365 B.R. 574, 577 (Bankr. W.D. Pa. 2007), for the proposition that the debtor being put on notice at the hearing on the original motion to extend -- even though that hearing was after the expiration of the original deadline – was sufficient to warrant the extension of the bar date for other creditors to file petitions challenging dischargeability. The creditor at issue in Watkins, however, had filed an adversary proceeding against the debtor before the bar date and was simply seeking to amend its previously filed complaint to include claims pursuant to § 523 and § 727. This, coupled with the trustee's statements at the hearing that discovery was being pursued that could benefit all interested parties, led the court to allow a general extension for motions challenging discharge. As such, both cause and circumstances giving notice of the need for a general extension were present. Watkins is simply inapplicable to the present facts.